IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CATHERINE PENA REYES,<br><br>Plaintiff,<br><br>v.<br><br>COCENTRIX,<br><br>Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Catherine Pena Reyes ("Plaintiff" or "Reyes"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages against Cocentrix ("Defendant") for violations of her rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 28 U.S.C. §§ 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 15, 2022. Upon Plaintiff's request, the EEOC issued its Notice of Right to Sue on March 29, 2022.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## **PARTIES**

6.

Plaintiff is a pregnant female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

8.

During all times relevant hereto, Defendant has employed five hundred (500) or more employees for the requisite duration under the Title VII.

9.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, located at CT Corporation System 289 S. Culver St. Lawrenceville, GA 30046-4805.

## **FACTUAL ALLEGATIONS**

10.

Plaintiff began working for Defendant on or about May 10, 2021, and is still employed by Defendant. Her last position was a *Tier 1*, technical support adviser.

11.

Plaintiff was pregnant while these events occurred.

12.

Tracy M. Murphy ("Murphy") was Plaintiff's Tier 1 manager and recommended employees for Tier 2 promotion, which came with a pay raise.

13.

Promotion to Tier 2 requires (a) training in four (4) specific operating systems; (b) good attendance; and (c) good statistics. The last class of Tier 2 promotions occurred in December 2021.

14.

Plaintiff has been trained in all four (4) operating systems.

15.

In December 2021, Plaintiff received a call from an irate customer who cussed at Plaintiff. Plaintiff deescalated the conversation by telling the customer she was seven (7) months pregnant and did not have to tolerate this treatment.

16.

Murphy wrote up Plaintiff for the way she handled the irate customer. Murphy also stated she did not think Plaintiff was ready for the Tier 2 promotion because of Plaintiff's pregnancy and hormones.

17.

Despite Murphy's opinion, Plaintiff continued to express interest in promotion to Tier 2. On January 3, 2022, Murphy told Plaintiff she would push Reyes through the next class of Tier 2 promotions, but Murphy never followed up with her.

18.

Instead, on January 7, 2022, Murphy sent a corrective action notice related to the irate customer incident.

19.

Although Defendant purports to provide a legitimate non-discriminatory failing to promote Plaintiff, this reason is a pre-text. Plaintiff was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e., pregnant.

## **CLAIMS FOR RELIEF**

## **COUNT I: FAILURE TO PROMOTE - PREGNANCY DISCRIMINATION IN VIOLATION OF THE PREGNANCY DISCRIMINATION ACT / TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

20.

Plaintiff re-alleges paragraphs 1-19 as if set forth fully herein.

21.

When it adopted the Pregnancy Discrimination Act, Congress amended Title VII to provide that discrimination on the basis of sex includes discrimination "on the basis of pregnancy, childbirth, or related medical conditions."

22.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment because of her pregnancy, specifically failing to promote Plaintiff, constitutes unlawful discrimination on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

23.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

24.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected her status as an employee because of her pregnancy.

25.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made victim of acts that have adversely affected her psychological and physical well-being.

26.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination. Plaintiff has suffered, among other things, lost wages and emotional distress.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Lost wages;

(c) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h) All other relief to which she may be entitled.

        **BARRETT & FARAHANY**

        s/ *V. Severin Roberts*
        V. Severin Roberts
        Georgia Bar No. 940504
        Amy C. Sillmon
        *Pro Hac Vice*

        *Counsel for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
severin@justiceatwork.com
amy@justiceatwork.com